UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JONATHAN HECKMAN, | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18-cv-22258 |
| v. | ) | |
| | ) | |
| SBE ENT HOLDINGS, LLC, MORGANS | ) | |
| HOTEL GROUP CO. LLC, MORGANS | ) | |
| HOTEL GROUP MANAGEMENT, LLC, | ) | |
| 1100 WEST INVESTMENTS HOLDINGS, | ) | |
| LLC, 1100 WEST INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff Jonathan Heckman, on behalf of himself and all others similarly situated, brings

this complaint against SBE ENT Holdings, LLC ("SBE"), Morgans Hotel Group Co. LLC,

("MHGC"), Morgans Hotel Group Management, LLC ("MHGM"), 1100 West Investments

Holdings, LLC ("1100 Holdings"), and 1100 West Investments, LLC ("1100 West")

(collectively, "Defendants"), and complains and alleges upon personal knowledge as to himself

and his own acts and experiences, and, as to all other matters, upon information and belief,

including investigation conducted by his attorneys, and says:

### I.   NATURE OF THE CASE

1.      This is a consumer class action brought on behalf of people who, from four years

prior to filing of this Complaint through and including the date of judgment (the "Class Period"),

purchased food and/or drinks at a restaurant, bar, mini-bar, lounge, poolside dining area, in-room

dining and/or other public food service establishment owned, operated and/or controlled by

Defendants at the Mondrian South Beach Hotel, located at 1100 West Avenue, Miami Beach, Miami-Dade County, Florida (the "Hotel") and were charged an automatic gratuity, service charge or other automatic fee in violation of the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA") and without the notice specifically required by Florida Statute 509.214 and Miami-Dade County Code of Ordinances, Sec. 8A-110.1(3). Defendants violated these Florida statutes in a number of ways, including but not limited to: unlawfully including an automatic gratuity or service charge for food and/or beverages without providing the statutorily required notice; presenting the notice of an automatic gratuity or service charge in small, hard to read type; hiding the notice on one page of a multi-page menu; fraudulently and deceptively charging customers an automatic 20% service charge rather than 18% as stated on the menu; and fraudulently and deceptively charging customers an automatic $4.00 delivery fee for room service, rather than $3.50 as stated on the menu.  Defendants also improperly overcharged taxes in violation of Rule 12A-1.0115 of the Florida Administrative Code ("F.A.C.").

## II.      JURISDICTION AND VENUE

2.      The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendants' home states, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendants and/or their agents were doing business in Florida; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

4.      The Court has personal jurisdiction over Defendants because the conduct giving rise to Plaintiff's claims occurred in Florida and Defendants conduct business transactions in Florida.

## III.      **PARTIES**

5.      Plaintiff Jonathan Heckman ("Plaintiff" or "Representative Plaintiff") is a citizen and resident of Florida.

6.      Defendant SBE ENT Holdings, LLC is a Delaware limited liability company with its principal place of business in California.  Upon information and belief, SBE's sole member is SBE Investors, LLC, a Delaware limited liability company with its principal place of business in California.

7.      Defendant Morgans Hotel Group Co. LLC is a Delaware limited liability company with its principal place of business in New York.  Upon information and belief, MHGC's sole member is SBE.  Upon information and belief, MHGC owns the Hotel.

8.      Defendant Morgans Hotel Group Management LLC is a Delaware limited liability company with its principal place of business in New York.  Upon information and belief, MHGM operates and controls the Hotel.  MHGM's membership includes Richard Syzmanski, who is also the Chief Executive Officer of MHGC.

9.      Defendant 1100 West Investments Holdings, LLC is a Delaware limited liability company with its principal place of business in Florida.  Upon information and belief, all members of 1100 Holdings reside in Florida.

10.      Defendant 1100 West Investments, LLC is a Delaware limited liability company with its principal place of business in Florida.  Upon information and belief, 1100 West's sole

member is 1100 Holdings.  1100 West has Florida licenses to operate the Hotel, and to provide permanent food service and retail beverages at the Hotel.

## IV.  <u>FACTUAL ALLEGATIONS</u>

11.   The Hotel is a public food service establishment, including public food service establishments located on the premises such as restaurants, bars, lounges, poolside dining areas, etc.  The Hotel, as a public food service establishment, also provides food, drinks, and other snacks available for purchase in a customer's hotel room through the use of in-room dining services and mini-bars.  Hereinafter, all such public food service establishments located at the Hotel will be referred to as "restaurants."

12.   Upon information and belief, throughout the Class Period, MHGC owned, operated, managed and/or controlled the Hotel.

13.   As the sole member of MHGC, SBE directed and controlled MHGC by overseeing its operations and the management and control of the Hotel, including the restaurants.

14.   Upon information and belief, throughout the Class Period, MHGM, through its shared officers and/or members with MHGC, including its CEO, oversaw, operated, managed and/or controlled the day-to-day operations of the Hotel, including the restaurants.

15.   Upon information and belief, throughout the Class Period, 1100 West maintained hotel and permanent food service licenses for the Hotel, and operated, managed and/or controlled the day-to-day operations of the restaurants located at the Hotel.

16.   As the sole member of 1100 West, 1100 Holdings directed and controlled 1100 West by overseeing its operations and the management and control of the restaurants.

17.   Upon information and belief, throughout the Class Period, Defendants jointly owned, operated and controlled the Hotel and the restaurants located therein under the brand

Mondrian South Beach, and through their interconnected business entities and common corporate officers and members Defendants shared decision making responsibilities and day-to-day management of the Hotel and restaurants.

18.    FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

19.    FDUTPA, Fla. Stat. 501.203 states that a violation of FDUTPA may be based on any "law, statute, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."

20.    Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu **and** on the face of the bill provided to the customer notice that an automatic gratuity is included." (Emphasis added).

21.    Miami-Dade County Code of Ordinances Sec. 8A-110.1(3) states, in pertinent part:

> Each business shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip . . . This notice shall be posted conspicuously, either on a sign or in a statement on the business's menu or price listing in the same form and manner as the other items on the menu or price listing, and written in a legible manner in English, Spanish and Creole.

(Ord. No. 99-163, § 1, 12-7-99) (Emphasis added).

22.    The legislative history of Miami-Dade County Code of Ordinances Sec. 8A-110.1 states that the Miami-Dade County Commission "unanimously agreed that appropriate language be incorporated into the ordinance to clarify that a tipping policy had been established by the Miami-Dade County Commission and that the customer had the discretion to tip based upon the level of service provided," establishing the ordinance as a rule or regulation proscribing unfair or

deceptive practices in trade or commerce by requiring the disclosure of automatic charges that a customer must pay.

23.     Defendants violate Florida law at the restaurants in the Hotel by failing to provide the required notice on restaurant menus **and** the face of the bills provided to the customers that an automatic gratuity or service charge is added to a customer's check.

24.     Defendants violate Miami-Dade County law at the restaurants in the Hotel by failing to conspicuously post the required notice on a sign in the restaurant or written legibly on the restaurant menus or price listing in the same form and manner as the other items on the menu or price listing, whether the business includes an automatic gratuity or service charge in the bill, and if so, the amount or method of calculation of the automatic charge.

25.     Defendants violate FDUTPA at the restaurants in the Hotel through a variety of deceptive practices, including but not limited to:

a.     Failing to provide any notice or otherwise disclose on restaurant menus that an automatic gratuity or service charge of any amount is added to a customer's check;

b.     Failing to provide any notice or otherwise disclose on the faces of bills that an automatic gratuity or service charge of any amount is added to a customer's check;

c.     Failing to provide adequate notice on restaurant menus that an automatic gratuity or service charge is added to a customer's check because the notice provided is written in small, difficult to read type;

d.     Failing to provide adequate notice on restaurant menus that an automatic gratuity or service charge is added to a customer's check because the notice provided is only located on one page of a multi-page menu;

e.     Causing confusion as to the nature of the automatic gratuity or service

charge added to customers' checks; and

    f. Fraudulently and deceptively charging an automatic gratuity, service charge and/or other automatic fee in an amount higher than indicated in the notice provided on certain menus.

  26. Defendants also violate Florida law at these restaurants by improperly charging tax on gratuities that are automatically added to the customer's check or bill.

### V. CLASS ACTION ALLEGATIONS

  27. The Representative Plaintiff brings this action individually and as a class action, pursuant to Rules 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a restaurant, bar, mini-bar, lounge, poolside dining area, in-room dining and/or other public food service establishment at the Hotel during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity, service charge and/or other automatic fee.

  28. Excluded from the Class are Defendants and their officers, directors, agents, employees, counsel and its subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

  29. The members of the Class are so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Defendants, Plaintiff avers, upon information and belief, that Defendants served and charged hundreds of thousands of customers during the class period.

  30. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  The common questions include whether:

a. Defendants engaged in the conduct alleged herein;

b. Defendants decided to or agreed to add a hidden automatic gratuity or service charge to restaurant and bar bills;

c. Defendants violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

d. Defendants used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its hotel business;

e. Defendants made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

f. Defendants' conduct violates consumer protection statutes, trade practices statutes as asserted herein;

g. Defendants' conduct was part of a pattern or practice;

h. Plaintiff and the Class overpaid for their food and beverages at Defendants' hotels and, if so, by how much;

i. Plaintiff and the Class could reasonably have avoided the injury and harm;

j. Plaintiff and the Class are entitled to equitable relief, including, but not limited to, declarative and injunctive relief and restitution; and

k. Plaintiff and the Class are entitled to actual damages and other monetary relief.

31. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

32. The Representative Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained

counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims. Neither Representative Plaintiff nor his counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

33.      This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34.      Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

35.      A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is slight because of the sheer number of claims against the Defendant and complexity of the matter.

36.      Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.     CAUSES OF ACTION

### COUNT I
### Violations of the Florida Unfair and Deceptive Trade Practices Act

37.     Defendants own, operate, manage and/or control public food service establishments located in the Hotel under Fla. Stat. 509.214.

38.     Defendants own, operate, manage and/or control businesses located in the Hotel as defined under Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1).

39.     Defendants conduct trade or commerce under Fla. Stat. § 501.202(2).

40.     On April 25, 2018, Representative Plaintiff Jonathan Heckman went to the Pool Bar restaurant located in the Hotel.

41.     Plaintiff ordered food and/or beverage items from the Pool Bar menu, all of which were listed on the first page of a two page menu.

42.     Located at the bottom of the second page only of the two page Pool Bar menu, in type smaller and less bold than the items on the menu, was written, "Applicable taxes and 18% service charge will be added to all checks."

43.     When he was done eating, Plaintiff was presented with a restaurant bill (the "check").

44.     Under the subtotal of the menu items on the check was written "20% Service Chg," and a charge for twenty percent of the meal subtotal was included in the check total.

45.     On the signature page of the check, was written "Sales Tax 7%," "Resort Tax 2%," "Total Tax 9%."  The amounts included for Sales Tax and Resort Tax on the check were for amounts greater than the indicated percentage of the check subtotal.

46.     Under the tax amounts was an empty line for "Additional Tip."

47.     Plaintiff signed for the check, charging the full amount to his room.

48.     Defendants' practices at the Pool Bar violate FDUTPA in numerous ways, including but not limited to the following:

a.     By stating on the menu that an "18% service charge will be added to all checks" when the restaurant, in fact, adds a 20% service charge to customers' checks;

b.     By including an automatic gratuity or service charge without providing adequate notice to customers of this charge, because the notice is written on the menu in small, hard to read type;

c.     By including an automatic gratuity or service charge without providing adequate notice to customers of this charge, because the notice is hidden on the bottom of the second page only of a multi-page menu;

d.     By causing confusion as to the nature of the automatic gratuity or service charge added to customers' checks by including an empty line on the face of the bill for an "Additional Tip";

e.     By including an automatic gratuity or service charge without providing adequate notice to customers of this charge, because the notice is written in type that is smaller and less bold than the other items on the menu, in violation of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1); and,

f.     By including an automatic gratuity or service charge without providing the required notice to customers of this charge, because the notice is not written on the face of the bill, in violation of Fla. Stat. 509.214.

49.     On April 26, 2018, Plaintiff ordered in-room dining food and/or beverage items from his room at the Hotel.

50.     Located at the bottom of the in-room dining menu was written, "$3.50 delivery charge and 20% gratuity is automatically added to each order."

51.     When Plaintiff's order was delivered to his room, the check was included with an added delivery charge in the amount of $4.00, as opposed to the $3.50 delivery charge indicated on the menu.

52.     Under the check subtotal and the 20% service charge was a charge for tax that was for an amount greater than nine percent of the check's subtotal.

53.     Below the total due for the in-room dining check was an empty line for an "Additional Tip."

54.     Plaintiff signed for the check and paid the bill in full.

55.     Defendants' practices with in-room dining services at the Hotel violate FDUTPA in numerous ways, including but not limited to the following:

a.     By stating on the menu that a $3.50 delivery charge is automatically added to each order when the Hotel, in fact, adds a $4.00 delivery charge to the customers' checks;

b.     By including an automatic gratuity, service charge and/or other automatic fee without providing adequate notice to customers of this charge, because the notice is hidden on the bottom of one page only of a multi-page menu;

c.     By including an automatic gratuity, service charge and/or other automatic fee without providing adequate notice to customers of this charge, because the notice is written in type that is not in the same manner and form as the other items on the menu, in violation of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1); and

d.      By including an automatic gratuity, service charge and/or other automatic fee without providing the required notice to customers of this charge, because the notice is not written on the face of the bill, in violation of Fla. Stat. 509.214.

56.      On April 26, 2018, Plaintiff went to the Mondrian Caffe located in the Hotel.

57.      Plaintiff ordered food and/or beverage items from the Mondrian Caffe menu.

58.      When he was done eating, Plaintiff was presented with the check.

59.      An automatic 20% fee, listed as a "20% Service Chg," was included with the charges for food and/or beverages on the check.

60.      There was no mention on the Mondrian Caffe's menu that Plaintiff was provided in the restaurant that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

61.      There also was no mention that an automatic gratuity or service charge of any amount would be added to a customer's check on the Mondrian Caffe menu posted online on the hotel's website that Plaintiff reviewed sometime after his meal.

62.      Under the check subtotal and the 20% service charge was a charge for tax that was for an amount greater than nine percent of the check's subtotal.

63.      Below the check total, there was an empty line for an "Additional Tip."

64.      Plaintiff paid this check with a debit card.  When he was presented with the signature slip for his debit card, the slip made no mention of an automatic gratuity or service charge; however, there was another empty line below the total for a "Tip."

65.      Plaintiff paid the check in full.

66.      Defendants' practices at the Mondrian Caffe violate FDUTPA in numerous ways, including but not limited to the following:

a.      By including an automatic gratuity or service charge without providing the required notice to customers of this charge, in violation of Fla. Stat. 509.214;

b.      By including an automatic gratuity or service charge without providing the required notice to customers of this charge, in violation of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1);

c.      By causing confusion as to the nature of the automatic gratuity or service charge added to customers' checks by including an empty line on the face of the bill for an "Additional Tip" and/or a "Tip"; and

d.      By including an automatic gratuity or service charge without providing the required notice to customers of this charge, because the notice is not written on the face of the bill in violation of Fla. Stat. 509.214.

67.     Upon information and belief, the Mondrian Bar, located at the Hotel, also includes an automatic gratuity, service charge or other automatic fee to customers' bills without providing any notice whatsoever on the menu and face of the bill of the charge, and Defendants' practices at the Mondrian Bar violate FDUTPA in the same ways as the Mondrian Caffe, as set forth in the preceding paragraph.

68.     Defendants' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

69.     Fla. Stat. § 509.214 is a law related to trade or commerce that proscribes unfair, deceptive, or unconscionable acts or practices by requiring the disclosure of certain automatic charges that a customer must pay.

70.     Even at restaurants where Defendants' menus include some notice that an automatic gratuity or service charge is added to the customer's bill, the notice is inadequate as it is written in small, hard to read type and/or not in the same form and manner of the other items on the menu, or otherwise posted conspicuously.

71.     Defendants' acts and omissions constitute violations of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(3), which the Miami-Dade County Commission enacted to establish, among other things, a tipping policy "that the customer had the discretion to tip based upon the level of service provided."

72.     Miami-Dade County Code of Ordinances, Sec. 8A-110.1 is an ordinance related to trade or commerce that proscribes unfair, deceptive, or unconscionable acts or practices by requiring the disclosure of certain automatic charges that a customer must pay.

73.     FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes s unfair, deceptive, or unconscionable acts or practices in trade or commerce.

74.     As a result, Defendants' failure to provide the statutorily required notice of an automatic gratuity or service charge constitutes *per se* violations of FDUTPA.

75.     As a direct and proximate result of Defendants' *per se* violations of FDUTPA, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

76.     Defendants violated Florida law by engaging in the following conduct:

a.      unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure to customers including Plaintiff and the Class;

       b.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

       c.     unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by presenting customers with a check adding an automatic service charge, with a line below the total allowing a customer to add a "Tip," or an "Additional Tip," causing confusion about the nature of the charge;

       d.     falsely representing that the prices for food and/or beverages ordered by Plaintiff and the Class would be lower than they were when presented with the check;

       e.     falsely representing that an automatic gratuity, service charge, or other automatic fee would be a certain percentage of the check total or a specific, flat fee, when such charge was, in fact, for a higher percentage of the check total or a greater flat fee than was indicated;

       f.     failing to disclose the automatic gratuities or service charges;

       g.     failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

       h.     injury, loss and damages were likely as a result of the failure to disclose the information concerning automatic gratuity or service charges;

       i.     otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

       77.     Defendants' acts and practices described above were done with intentional and/or negligent disregard for Plaintiffs' rights under the law and with the purpose of taking more

money from Plaintiff and Class members than the fair market value reflected in the menu price for food and beverages.

78.     Defendants were engaged in the unconscionable, unfair, and deceptive acts set forth in this Complaint in the conduct of trade or commerce.

79.     The improper activities and conduct by Defendants alleged herein is continuing and will be repeated in the future.

80.     Plaintiff faces an actual and imminent threat of future injury because Defendants' improper conduct continues, and he is unable to rely on Defendants' compliance with applicable law in the future.  If Defendants conformed their conduct to comply with Florida law, Plaintiff would consider purchasing food and/or beverages from Defendants' restaurants in the future.

81.     The acts alleged against Defendants that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of Defendants' business.

82.     The information related to automatic gratuities, service charges or other automatic fees Defendants withheld and failed to adequately disclose on their menus was material.

83.     Defendants' acts and practices described are objectively likely to mislead customers like Plaintiff and Class members acting reasonably in the same circumstances.

84.     Defendants' conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to customers.

85.     As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

**COUNT II**
**Violations of Rule 12A-1.0115 of the Florida Administrative Code**

86.     During the Class Period, Defendants improperly charged Plaintiff and Class members sales tax on the automatic gratuity or service charge amounts added to their checks.

87.     As set forth above, at each of the restaurants visited by Plaintiff, a charge for tax was included on the check for an amount greater than nine percent of the check's subtotal.

88.     A portion of the 20% service charges added to Plaintiff's checks were included in the calculation of the charged taxes, in violation of Rule 12A-1.0115(7) of the F.A.C.

89.     Rule 12A-1.0115(7) of the F.A.C. describes when a gratuity, tip or similar charge is part of the taxable sale price of food or drinks that restaurants, hotels, or other like places of business must collect.

90.     Rule 12A-1.0115(7) of the F.A.C. states:

(7) GRATUITIES.

(a)     Any charge made by a dealer to a customer for gratuities, tips, or similar charges is a part of the taxable sales price of the food or drinks except when:

> 1.  The charge is separately stated as a gratuity, tip, or other charge on the customer's receipt or other tangible evidence of sale; and,
>
> 2.  The dealer receives no monetary benefit from the gratuity.  Money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

(b)     The charge for room service made by hotels for serving meals in guests' rooms is included in the total price of the meal and is subject to tax.

(c)      Service charges, minimum charges, corkage fees, setup fees, or similar charges imposed by a restaurant, tavern, nightclub, or other like place of business as part of the charge for furnishing, serving, or preparing food products are subject to tax.

91.      Rule 12A-1.0115(7)(a)(2) states that money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

92.      Upon information and belief, Defendants receive no monetary benefit from the gratuities, tips, or other charges collected from its customers.

93.      Defendants lead customers to believe that the automatic charges applied to customers' checks are gratuities being paid directly to the servers, as opposed to charges imposed by the restaurant as part of the charge for furnishing, serving, or preparing the food.

94.      Rule 12A-1.014(4) states that a taxpayer who has overpaid tax to a dealer, or who has paid tax to a dealer when no tax is due, must secure a refund of the tax from the dealer and not from the Department of Revenue.

95.      As a direct and proximate result of Defendants' violations of Rule 12A-1.0115 of the F.A.C., Plaintiff and Class members suffered actual damages and are entitled to a refund as compensatory relief as set forth below.

## VII.   DEMAND FOR JURY TRIAL

96.      Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendants with the entry of an order:

A.      certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B.      entering a judgment declaring that Defendants' acts and omissions as described above are in violation of Florida law as alleged;

C.      an injunction directing Defendants to discontinue the unlawful acts and practices by conspicuously placing notice on menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or, alternatively, to no longer add automatic gratuities or service charges to customers' bills;

D.      awarding actual damages;

E.      awarding reasonable attorneys' fees, costs and prejudgment and post-judgment interest pursuant to law; and

F.      granting such other and further relief as may be just and proper.

Respectfully submitted,
**JONATHAN HECKMAN**

By:   *s/ David M. Marco*
Attorney for Plaintiff

Dated: June 6, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS & MAILMAN, P.C.**
John Soumilas (*pro hac vice forthcoming*)
Trial Counsel
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jsoumilas@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Lewis J. Saul (*pro hac vice forthcoming*)
Edward A. Coleman (*pro hac vice forthcoming*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
lsaul@lewissaul.com
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Class*